■ THOMAS W. ALESSI, Appellant, v CAROL A. ALESSI, Respondent. [604 NYS2d 366] —Order unanimously affirmed without costs. Memorandum: Supreme Court dismissed plaintiff husband's complaint for divorce but ordered payment of maintenance and defendant's counsel fees. Thereafter judgment was entered for maintenance arrears and counsel fees. Defendant filed an execution with notice to garnishee and notice to the City of Rochester seeking money due plaintiff for services rendered more than 60 days earlier. After the money in question was paid into court, defendant sought an order that plaintiff must pay maintenance arrears and her attorney's fees. Defendant contended that the latter are in the nature of support and are not dischargeable in bankruptcy. The order on appeal recites that a conference in chambers was held and that the court ruled that defendant is entitled to the funds being held pursuant to the "property execution." The order further recites that defendant's attorney "offered to compromise and reduce the amount of counsel fees and to allow [plaintiff's attorney] to receive 23.8% of the amount held pursuant to the property execution, less statutory fees including the Marshal's fees." The order also recites that plaintiff's

attorney shall receive 23.8% provided that he does not appeal the order, in which case those funds are to be applied to defendant's counsel fees.

The record refers to proceedings in the Bankruptcy Court based on a petition filed by plaintiff. The status of that proceeding is unclear from the record, but, even if the above debt was listed in the schedule and a discharge was granted, a debt for maintenance is not discharged (see, 1978 Bankruptcy Code [11 USC] § 523 [a] [5] [B]). An individual debtor is not discharged from a debt to a spouse, however, only if that debt is actually in the nature of maintenance. Plaintiff argues that defendant failed to show that the debt for counsel fees was in the nature of maintenance; he argues in the alternative that the court should have held a hearing on that issue. We conclude that the award of counsel fees was in the nature of maintenance and that the court properly ordered plaintiff to pay defendant's counsel fees because the court, having dismissed plaintiff's divorce action, had no authority to direct a property settlement; it could, however, award maintenance (see, 2 Foster, Freed and Brandes, Law and the Family New York § 2:18, at 146-147 [2d ed]). Further, the award was based on need, the court having stated that plaintiff earned a specified weekly salary while defendant had to live by selling her personal belongings and furniture and by taking temporary employment (see, e.g., In re Spong, 661 F2d 6; In re Silberfein, 138 Bankr 778).

We reject plaintiff's argument that the amount of income garnished by defendant was in excess of that permitted by CPLR 5241. Contrary to plaintiff's argument, the execution with notice to garnishee was a property execution pursuant to CPLR 5230; it was not an income execution pursuant to CPLR 5241. We also reject his argument that the provision in the order on appeal that plaintiff's attorney would be entitled to receive a portion of the funds only if plaintiff did not appeal the order violated his constitutional right to due process and his statutory right to appeal. The order simply embodied an offer by defendant's attorney to reduce his own fee award in order to resolve the case. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Spousal Support.) Present —Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.